Complaint Brought Pursuant to 42 U.S.C. sec 1983 for False Arrest, False Imprisonment, Intentional Infliction of Emotional Distress

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Sanya Lanausse

                Plaintiff                                            CIVIL ACTION:

v.

City of New York
City of New York Police Department
Unknown Detective of the NYPD

                                                  VERIFIED COMPLAINT
                                                       JURY CLAIM
                                                  AS TO ALL COUNTS

                          Defendants

_____

INTRODUCTION

Sanya Lanausse ["Lanausse"] of New York, New York, asserts the following claims against the defendants in above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest

2. Violation of 42 U.S.C. 1983: False Imprisonment

3. Intentional Infliction of Emotional Distress

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Sanya Lanausse ["Lanausse"] is a natural person residing in New York, New York, United States of America; and was a resident of Mahwah, New Jersey during all relevant times of this action.

5. Defendant New York City is a properly incorporated city in the State of New York.

6. Defendant New York Police Department is an authorized agency of the City of New York.

7. Defendant Unknown Detective of the NYPD is the detective noted which took Lanausse into custody and further made the specific statements that she was involved with the raid in question. He is not specifically identified, as arrest records would note the officer processing the arrest and not necessarily the officer/detective actually taking custody.

8. At all times material to this Complaint, Defendants City of New York and the New York Police Department acted toward plaintiff under color of statutes, ordinances, customs and usage of the State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

FACTS

10. During the time in question, Plaintiff was employed by Rivlin Houses – Rush Management Companies, LLC as an Assistant Site Manager, at 747 Riverside Drive, New York, New York.

11. Approximately 9 months before Plaintiff's alleged False Arrest, on or around June of 2011, Plaintiff made contact with Detectives from Defendant City of New York Police Department who were conducting an investigation into alleged illegal activity of a tenant of the building where Plaintiff was employed as Site Manager.

12. Defendants made Plaintiff aware of the investigation, along with others at the management office, and indicated to Plaintiff that there would be a raid occurring. An unnamed Detective indicated to Plaintiff that she better not say anything about the raid.

13. After this initial encounter with Detectives, an unknown Person, allegedly presented evidence of the upcoming raid to the tenant who was the subject of the investigation.

14. Subsequent to this occurring, Detectives returned to the property at Riverside Drive, returned the room and building keys to the management office and indicated that the raid had been called off. An unnamed Detective stated to Plaintiff that, "you should not have done that."

15. Approximately a week later, Plaintiff came to work and found the area filled with Police Officers and Detectives, apparently proceeding with the raid that was thought to be cancelled. In the process of conducting the raid two apartments were destroyed.

16. About 9 months later, on March 13, 2012, Detectives came to the property at 747 Riverside Drive asking for Plaintiff and the Site Manager. The lead detective stated to Plaintiff that he wanted to thank her for her help in the investigation and proceeded to arrest her. The Plaintiff was allegedly arrested for obstructing the investigation by sharing information with the intended targets. Which she wholly denied, and continues to deny.

17. Plaintiff was arrested at approximately 12 p.m., and spent the night in a holding cell at central booking, forced to sleep on the floor, because she was unable to get in front of a judge to be arraigned.

18. Plaintiff was charged with Obstruction of Justice related to allegedly tipping off the tenant who was the subject of the investigation. There never was, nor is any evidence to provide probable cause to the notion that Plaintiff was involved in contacting the tenant.

19. All the charges against Plaintiff were dismissed on January 11, 2013. As a result of the failure of the State to provide ANY evidence of her guilt, nor a clear and rational explanation as to why there was an arrest to begin with.

COUNT 1: VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

20. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 18 above with the same force and effect as if herein set forth.

21. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

22. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department. We would direct the Court to recent cases presented before this district noting a history and environment casing false arrests, stops and similar behavior to become a regularity within the Police Department, *Floyd, et al. v. City of New York, et al,* 959 F. Supp. 2d 540.

23. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest

and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime. *Floyd, et al. v. City of New York, et al,* 959 F. Supp. 2d 540

24. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Plaintiff for an offense that she did not commit, nor was there any evidence presented of the commission of said alleged act.

25. Acting under color of law, Defendant's engaged in a denial or Sims' rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a violation of Ms. Lanausse's right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment.

26. There was no probable cause for the March 13, 2012 Arrest and incarceration of Ms. Lanausse, and as a result her constitutional rights were violated. No sufficient cause for any warrant, if issued. The officer/detective in question presented no such evidence at any time during the prosecution of this matter, nor presented any investigation not any evidence leading to his belief for sufficient cause to arrest the instant Plaintiff.

27. As a result of the Defendant's unlawful and malicious action Lanausse was temporarily deprived of both her liberty without due process of the law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." *Smith v. Wage*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor,* 710 F.2d 4, 14 (1ˢᵗ Cir. 1983). Miga, supra at 355.

COUNT 2: VIOLATIONS OF 42 U.S.C 1983: FALSE IMPRISONMENT

28. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

29. For "Monell" Purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. *Floyd, et al. v. City of New York, et al,* 959 F. Supp. 2d 540.

30. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute persons for various offenses while being indifferent to whether or not there was probable cause that that person committed the alleged crime. *Floyd, et al. v. City of New York, et al,* 959 F. Supp. 2d 540.

31. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice led to the false arrest and false imprisonment of Ms. Lanausse for a crime that she did not commit. *Floyd, et al. v. City of New York, et al,* 959 F. Supp. 2d 540.


32. Defendant Unknown Detective specifically knew there was insufficient evidence to effectuate an arrest of the person of Plaintiff, and still proceeded with taking her into custody, processing her, and ensuring her arraignment on the underlying charges.

33. As a result of the unlawful and malicious arrest of Lanausse for which there was no probable cause, Lanausse was incarcerated without justification or consent, whereby Defendants deprived Lanausse of her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.


33. Plaintiff further alleges that at no point was any evidence presented of any alleged wrong doing, nor was any witness ever presented. Plaintiff further states that the detective in question not only falsely arrested her but also placed her life in jeopardy by publicly stating in front of all intended victims of the raid that she was a part of the raid.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

Sanya Lanausse
By her attorney
November 13, 2015

_____/s/_____
Carlos Gonzalez, esq.
75 South Broadway
4th Floor
White Plains, NY 10601
212-405-2234