```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SANYA LANAUSSE,                                             :
                                        Plaintiff,          :
                                                            :       15 Civ. 1652 (LGS)
                  -against-                                 :
                                                            :       **OPINION AND ORDER**
CITY OF NEW YORK, et al.                                    :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/13/2016
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Sanya Lanausse brings this action against the City of New York (the "City"), the City of New York Police Department ("NYPD") and an unknown NYPD detective ("Doe Detective") pursuant to 42 U.S.C. § 1983. The Second Amended Complaint ("SAC") alleges that Plaintiff was falsely arrested and imprisoned. The City moves to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion to dismiss the claims against the City is granted, and the claims against the remaining Defendants are dismissed either on the City's motion or sua sponte.

## I.     BACKGROUND

The following narrative is based on allegations in the SAC, which are assumed to be true for purposes of this motion.

In or around June 2011, Plaintiff was employed as an Assistant Site Manger in an apartment building in Manhattan. NYPD detectives visited the management office of the building where they informed Plaintiff and others that a raid would be conducted into the alleged illegal activity of a tenant in the building. A detective warned Plaintiff not to say anything about the raid.

Less than a week later, detectives again visited the building and returned room and building keys to the management office, indicating that the raid had been called off. A detective said to Plaintiff, "You should not have done that."

A few days later, Plaintiff arrived at the building and found the area filled with officers and detectives who appeared to be conducting the raid that Plaintiff understood had been canceled.

On March 13, 2012, detectives again visited the management office and asked to see Plaintiff and the Site Manager. The lead detective told Plaintiff that he wanted to thank her for her help in the investigation and then arrested her. Plaintiff was arrested at approximately 12:00 p.m., transported to central booking, and then spent the night in a holding cell. Plaintiff was charged with obstruction of justice for allegedly warning the tenant who was the subject of the raid. The charges against Plaintiff were ultimately dismissed on January 11, 2013.

Plaintiff filed the original Complaint on March 6, 2015, naming as Defendants Police Commissioner William J. Bratton, the City, the NYPD, and an unnamed NYPD detective.

On July 22, 2015, Plaintiff requested an extension of time to amend the complaint to remove Defendants Bratton and the NYPD in order to leave the City as the sole Defendant. On July 23, 2015, Plaintiff's request to remove Defendants Bratton and the NYPD was granted, and they were dismissed from the case. Having failed to mention the unnamed NYPD detective, Plaintiff was ordered to file a letter stating whether or not she sought to dismiss the unnamed Defendant.

On July 29, 2015, Plaintiff filed the First Amended Complaint only against the City as Defendant. In a filing on August 5, 2015, Plaintiff confirmed that she sought to dismiss the claims against the unnamed NYPD detective.

On October 23, 2015, the City filed a motion to dismiss the First Amended Complaint. In response, Plaintiff filed the SAC on November 13, 2015, adding the City and the Doe Detective as Defendants. On December 4, 2015, the City renewed its motion to dismiss. The City included arguments to dismiss the Doe Detective and the NYPD, to which Plaintiff responded. Neither the Doe Detective nor the NYPD has been served with the SAC, and neither is represented by counsel.

## II.     LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 78 (2d. Cir. 2015). To survive dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

District courts have the inherent authority to dismiss meritless claims sua sponte. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) (affirming the district court's conclusion that it had the power to dismiss a frivolous action sua sponte); *Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim.") (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); Charles A. Wright & Arthur R. Miller, 5B

Fed. Prac. & Proc. Civ. § 1357 (3d ed.) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."). Plaintiffs must be given notice and an opportunity to be heard, but a court can dismiss claims sua sponte, particularly where a defendant has neither been served nor appeared. *Alki Partners, L.P. v. Vatas Holding GMBH*, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011) (dismissing, sua sponte, claims against a non-appearing, non-moving defendant where motions by other defendants put the plaintiff on notice of the ground for dismissal), *aff'd sub nom Alki Partners, L.P. v. Windhorst*, 472 F. App'x 7 (2d Cir. 2012) (summary order).

### III.   DISCUSSION

Plaintiff brings claims for false arrest and false imprisonment under 42 U.S.C. § 1983 against the NYPD, the Doe Detective and the City.

#### A.   Claims against the NYPD

The claims against the NYPD fail as a matter of law. The NYPD is a non-suable agency of the City and is not a proper party. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). To the extent the City does not have standing to move to dismiss these claims, they are dismissed sua sponte.

#### B.   Claims against the "Doe Detective"

Plaintiff asserts two claims against the Doe Detective, both under 42 U.S.C. § 1983.[1]

---

[1] The SAC lists three claims in the Introduction, including a state law claim for intentional infliction of emotional distress ("IIED"), but the SAC contains no factual allegations of

These claims are time barred. The Supreme Court has directed that, for § 1983 claims, courts "should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). "Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214 (McKinney 2016). "Federal law determines when a section 1983 cause of action accrues, and we have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl*, 296 F.3d at 80 (internal quotation marks, footnote and citations omitted).

Plaintiff was arrested on March 13, 2012, and had knowledge of the injury suffered on that day. Therefore, the three-year period began on March 13, 2012, and ended on March 13, 2015. The SAC, which added the NYPD and Doe Detective as Defendants, was filed on November 13, 2015, some eight months after the statute of limitations had run. Consequently, the claims against the Doe Detective are time barred unless the date of filing relates back to the filing of the original Complaint on March 6, 2015.

An amended pleading that changes a party, including by adding a party, may "relate back" to the date of the original pleading under the circumstances set forth in Federal Rule of

---

emotional distress. Moreover, the charging paragraphs include only two "counts," both arising under § 1983. Even if the SAC had pleaded an IIED claim and Plaintiff had complied with the notice of claim requirement, N.Y. Gen. Mun. Law § 50–e, the IIED claim would be time barred. The statute of limitations for an IIED claim under New York law is usually one year, N.Y. C.P.L.R. 215(3), and for claims against the City or a person indemnified by the City is one year plus 90 days, *see* N.Y. Gen. Mun. Law § 50-i; *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016). Plaintiff's charges were dismissed in January 2013, and this action was commenced in March 2015, more than one year and 90 days later.

Civil Procedure 15(c)(1)(C).  *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 n.3 (2010) (noting that the typical circumstance of applying Rule 15(c)(1)(C) is when a plaintiff seeks to file an amended complaint that adds a new defendant) (quoting 3 Moore's Federal Practice § 15.19[2] (3d ed. 2009)).

Rule 15(c)(1)(C) provides that "[a]n amendment to a pleading relates back to the date of original pleading" when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The relation back doctrine is intended "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* at 550.

Here, Plaintiff's claims do not relate back under Rule 15(c)(1)(C) because the Doe Detective did not have the notice or knowledge required by the rule.  Plaintiff has not proffered any evidence to show that the Doe Detective had notice of the action and knew or should have known that the action would have been brought against him but for a mistake.  Indeed, the Doe Detective still is not identified in the SAC, and so may not have notice of this lawsuit or the claim against him even now.

Plaintiff also has not shown any mistake concerning the proper defendant's identity, as Rule 15(c)(1)(C) requires.  Ignorance of a defendant's identity does not qualify as a mistake under the rule.  *See Hogan*, 738 F.3d at 517.  Also, Plaintiff's intentional decision not to name

the Doe Detective in the First Amended Complaint undermines any assertion of "mistake" for purposes of the rule. *See Krupski*, 560 U.S. at 552 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."); *Barrow v. Wethersfield Police Dep't.*, 66 F.3d 466, 470 (2d Cir. 1995) ("[T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."). Plaintiff here timely filed suit in March 2015 against several defendants, including the NYPD and an unnamed NYPD detective. Several months later, Plaintiff amended her complaint to dismiss the NYPD and the unnamed detective, and later confirmed that she sought to dismiss claims against "unnamed NYPD officers." She has proffered no evidence to suggest that the decision to dismiss the unnamed NYPD detective was a mistake or anything other than an informed decision. The claims against the Doe Detective are therefore dismissed.[2] To the extent that the City lacks standing to seek dismissal of the action against the Doe Detective, the dismissal is sua sponte.

**C. Claims against the City**

The SAC alleges that Plaintiff was subjected to false arrest and false imprisonment due to

---

[2] Courts generally refrain from dismissing suits against "John Doe" Defendants and should not dismiss a claim without further opportunity for discovery "when a . . . plaintiff brings a *colorable claim* against supervisory personnel, and those supervisory personnel respond with a dispositive motion grounded in plaintiff's failure to identify the individuals who were personally involved." *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (emphasis added) (quoting *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998)). Here, where the claim is barred by the statute of limitations as a matter of law, further discovery and amendment would be futile. *See also supra* section II (outlining the Court's inherent authority to dismiss a meritless claim sua sponte).

the City's (1) failure to properly train Police Department employees on the proper procedures for conducting investigations and arrests, and (2) a policy or custom of "prosecut[ing] individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime."

These claims fail because the SAC fails to allege a cognizable claim for municipal liability. To state a claim under § 1983, the SAC must identify a specific "policy," "custom," or "practice" by the City that caused the deprivation of Plaintiff's rights under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

"Where a city's official policy is constitutional," municipal liability may still exist if "the unconstitutional application might itself be considered official policy." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). "Such circumstances may be found, for example, where the city is aware that its policy may be unconstitutionally applied by inadequately trained employees but the city consciously chooses not to train them, or where the city's official policy on the reasonable use of force in arrests is valid, but the city's actual practice is to use excessive force." *Id.* at 125-26 (internal citation omitted). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985)). In such situations, "a municipality's failure to train its employees in a relevant respect must amount to 'to deliberate indifference to the rights of persons with whom the

[untrained employees] come into contact.'" *Id*. (alteration in original) (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

To establish municipal liability for deliberate indifference, the plaintiff must show three elements:

> First, the plaintiff must show that a policymaker knows to a moral certainty that her employees will confront a given situation. Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation. Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.

*Jenkins*, 478 F.3d at 94 (internal quotation marks and citations omitted); *see also Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410 (internal quotation marks omitted). "[A] city's failure to train its subordinates satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be deliberately indifferent to the need." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007). Thus, holding a municipality liable under § 1983 requires a clear causal connection between the policy and the deprivation of constitutional rights; mere *respondeat superior* is insufficient. *See Canton v. Harris*, 489 U.S. at 391-92.

Here, even with a liberal reading, the SAC fails to plead facts sufficient to make a reasonable inference that the City engaged in a policy, custom, or practice that deprived Plaintiff of her constitutional rights. As evidence of the City's failure to train, the SAC alleges that "it is Department policy to make arrests where allegations of criminality take place" and "to fully

investigate any and all matters before them." The SAC appears to contend that the alleged breach of the NYPD's policy in this instance proves that NYPD employees were not properly trained. The SAC does not allege any facts to make a plausible claim that the City of New York engaged in a failure to train that meets the standard of "deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 61.

Likewise, the SAC fails to identify any official policy or allege evidence of a practice sufficiently widespread to constitute a custom causally linked to the deprivation of Plaintiff's constitutional rights. The SAC instead makes the conclusory statement that the City allowed a policy or custom to be implemented and carried out "using whatever means possible to arrest and prosecute persons for various offenses while being indifferent to whether or not there was probable cause," and cites to *Floyd v. City of New York*, 959 F. Supp. 2d 540 (S.D.N.Y. 2013). Plaintiff's response to the motion similarly urges the Court to take judicial notice of "a clear pattern of abusive behavior of the NYPD inclusive of false arrests and false detention of suspects" demonstrated in *Floyd*. *Floyd* dealt with a policy or practice of racial profiling and unconstitutional stop and frisks performed on the basis of race, and Plaintiff has not shown how it is applicable here.

The City's motion to dismiss the § 1983 claims against the City is granted.

### D. Leave to Replead is Denied as Futile.

Plaintiff asks, in the event of dismissal, for leave to file a Third Amended Complaint. Leave is denied as it would be futile. Rule 15(a)(2) governs any further amendment of the Complaint. That rule permits amendment only on consent or the court's leave, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Wilson v. Merrill*

*Lynch & Co., Inc.*, 671 F.3d 120, 139 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  Although liberally granted, courts may properly deny leave if to do so would be futile.  *See Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Leave to amend, though liberally granted, may be properly denied for . . . futility of amendment.") (internal quotations and citations omitted).

Here Plaintiff cannot overcome the deficiencies in her claims against the NYPD and the Doe Detective.  The former is not suable, and claims against the latter are time barred.  Plaintiff has filed three Complaints attempting to assert claims against the City and each time has been unable to plead sufficiently a "policy," "custom," or "practice" by the City that caused the deprivation of Plaintiff's rights as required by *Monell*.  There is no reason to think that a fourth attempt would be more successful.  Leave to replead is denied as futile.

### IV.    CONCLUSION

For the foregoing reasons, Defendant City's motion to dismiss the claims against it is GRANTED, and the claims against the remaining Defendants are DISMISSED either on the City's motion or sua sponte.  The Clerk of Court is directed to close Dkt. No. 29 and to close this case.

SO ORDERED.

Dated:  May 13, 2016
       New York, New York

                                                    LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE